Oaria, per

Evans, J.
It will be perceived from the deed of Simons to Redheimer, that on the death of the survivor of Simons and wife, the negroes were to be held in trust, tó and “ for the use, benefit and behoof of the issue of the marriage, if more than one, as tenants in common and not as joint tenants, their heirs, executors, administrators and assigns, free, clear and absolutely discharged from all and any further trusts whatsoever.” If there could be any doubt arising on the first part of this clause as to who was the owner of the estate, after the death of Simons and wife, the latter words, “ free, clear and discharged” (fee., would settle the controversy. It seems to me, therefore, too clear to admit of any question, that on the death of Simons, the *342 survivor, the negroes vested in the issue of the marriage, of whom Pyron’s wife was one. The question in the case of Pyron vs. Mood, 2 McMull., 281, arising on the same deed, involved' an entirely different question. In that case, Redheimer, the trustee, in the life time of Simons, and whilst the trust clearly existed, conveyed to Mood, and the question was whether this was an execution of a power given him in the deed by which he was created trustee.
During the life of Simons and wife, the legal estate was in the trustee, Redheimer. - The objects of the trust could not be obtained in any other way than by vesting the legal estate in him. The plaintiff claims under a deed from Charles Simons, and at most, could acquire no greater interest than was vested in Simons, who was only a cestui que trust for life. After his death she had no title whatever. But it is alleged in the second ground of appeal, that her possession, without title, was sufficient to maintain this action against the defendant Pyron. The authorities certainly sustain the position, that possession is prima facie title against all the world but the rightful owner, and for a disturbance of possession, whether of real or personal property, an action of trespass-will lie against all except the owner, but as against him no action will lie. 1 Const. Rep., 197: 2 N. & McC., 301.
In this case, Pyron, in right of his wife, was tenant in common, (to use the words of the deed,) with the other children of Simons and wife. He had, therefore, a right of property, which carries along with- it a right of possession, and is a higher title than a naked possession. In this court, it was contended that the deed of 8th October, 1829, was void, because it was not recorded in the office of the register of mesne conveyance. No such question was made on the circuit. It is not contained in the grounds of appeal, and the existence of the fact is not admitted on the other side. Under these circumstances, we think it improper to- express any opinion on that point. The case is decided as if no such fact existed.
The motion for a new trial is dismissed.
Richardson, O’Neall, Butler, and Wardlaw, JJ., concurred.